RICHARD BARTON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Grand and Petit Jurors: SELECTION. County commissioners must select the names from which grand and petit jurors are to be drawn from the several precincts of the county, "as nearly as may be a proportionate number from each precinct" in proportion to the number of persons therein competent to serve as grand and petit jurors. The provisions of the statute prescribing this method are mandatory, and a party indicted by a grand jury, drawn from a list of names, selected without regard to equality between the several precincts as required by statute, may plead the same in abatement.

ERROR to the district court for Lancaster county. Tried below, before POUND, J. The opinion states the case.

*Galey & Abbott,* for plaintiff in error, cited *Burley v. The State,* 1 Neb., 396. *Preuit v. State,* 5 Neb., 375. *McElvoy v. State,* 9 Neb., 157. *Clark v. Saline County,* 9 Neb., 516.

*C. J. Dilworth, Attorney General,* for the State.

1. The plea in abatement does not state that sec. 664 was not complied with; it only claims the county commissioners did not select the names, as required by law. This is only one of the ways in which a grand jury may be selected, but it is not the only way, and the proceedings of a grand jury selected by the sheriff are just as lawful as though the names had first been selected by the commissioners; in fact the law requires this to be done when the commissioners fail to make the selection.

2. The cases cited by the plaintiff in error do not apply to this case. *Burley v. The State,* and *Preuit v. The State,* were cases where the record showed that the *court* made the selection, and not the sheriff. There is nothing of that kind claimed in this case. The case of

*McElvoy* was when the judge, in vacation, ordered the sheriff to summon the jury without giving the commis-sioners time or opportunity to make the selection. The case of *Clark v. Saline County* prescribes the manner in which the commissioners shall select the names, when in this case it is stated that the commissioners refused to make the selection. It then follows, therefore, that the jury must have been selected by order of the court by the sheriff, and it was not claimed that this was not done.

Cobb, J.

The plaintiff in error was indicted and convicted at the June term, 1880, of the district court of Lancaster county, for the larceny of a horse. He presented a plea in abatement to the indictment, the substance of which is that the grand jury, which found the indictment, was not properly selected, or more correctly speaking, that in the selection of the sixty names, from which the grand jurors were drawn, they were not properly distributed among the several precincts of the county, in proportion to the number of persons residing in said precincts res-pectively, qualified by law to serve as grand and petit jurors. The plea was demurred to by the district attor-ney, and the demurrer sustained.

In the brief of the defendant in error it is tacitly admitted that the facts set up in and by the plea are sufficient, but it is contended that the plea is bad in not negativing every possible method by which a legal grand jury could have been obtained.

The following is a copy of the plea : " * * * That the said indictment, as it is exhibited against him, was not found or presented to any court having jurisdiction of the offense therein charged by a regularly appointed and constituted grand jury, under the laws of the state of Nebraska, as appears from the record of said county

commissioners of said county, and the record of said court in this, to-wit: 1. The county commissioners of said county of Lancaster, in which the February term, A. D., 1880, of the district court, of the second judicial district of Nebraska, in and for said county, was appointed and directed to be held by the judge thereof, wholly failed and refused to meet, nor did any two of said county commissioners meet together at the time, before said term required by law, or at any other time, and then and there select sixty names, or any other number of names of persons possessing the qualifications of jurors, as prescribed in section six hundred and fifty-seven of the General Statutes of Nebraska, and, as nearly as might be, a proportional number from each precinct in said county, from which number so listed, the clerk, sheriff, or other officer of said court, might select, in the manner provided by law, the names of sixteen persons, to serve at the said term of the said court as grand jurors. 2. The persons who were selected by the clerk and sheriff of said county to serve as grand jurors at the said term of the said court, were not chosen from any list selected by the county commissioners of said county, or selected by any two of said commissioners, as provided by law. 3. The county commissioners of said county of Lancaster utterly failed and refused to select the names of sixty persons, or any other number, and furnish a list thereof to the clerk of said court, from which the names of persons to serve as grand jurors, at said term, in said court, might be drawn as provided by law. 4. The list of the names of persons, from which the clerk and sheriff of said court drew the names of sixteen persons to serve as grand jurors at the said term of the said court, were not selected as nearly as might be, proportionately, from each precinct in said county, but, on the contrary, this defendant avers the truth to be, that in one of the precincts of said county, to-wit: North Bluff precinct

there did not appear to be, nor was not on said list of sixty persons, drawn from as aforesaid by the clerk and sheriff aforesaid, a single name of any person resident, and possessing the qualifications of a juror in said precinct; yet said defendant avers that in said North Bluff precinct there resided at the last general election held in and for said county, and did reside therein fifteen days before the first day of the said term of the said court, and, at the time of the drawing of the grand jurors as aforesaid, at least sixty-seven persons possessing the qualifications of jurors as prescribed in section six hundred and fifty-seven of the General Statutes of Nebraska, relating to the qualification of jurors. And this defendant further avers that on the list of sixty persons from which the names of sixteen persons were drawn as aforesaid, there appeared in said list only seven names of persons residing in Capitol precinct, in said county, in which precinct there resided at the last general election, held in and for said county, and fifteen days before the first day of the said term of the said court holden as aforesaid, at least six hundred persons qualified to serve as jurors at the said term of said court, while on said list of sixty persons there appeared and was listed the names of eight persons, residents of Midland precinct, in said county, when at the last general election, held in and for said county, and fifteen days before the first day of said term of the said court, there resided only five hundred and thirty-four persons possessing the qualifications of jurors to serve at the said term of said court, wherefore," etc.

The following are the sections of the statute providing for the making of the list, etc.

Sec. 658. In each of the counties of this state, wherein a district court is appointed or directed to be holden, the county commissioners of the county shall, at least fifteen days before the first day of the

session of the court, meet together, or any two of them may meet, and select sixty persons, possessing the qualifications prescribed in section six hundred and fifty-seven, and as nearly as may be a proportionate number from each precinct in the county, and shall, within five days thereafter, furnish to the clerk of the district court of the county, or his deputy, a list of the names of the persons selected.

Sec. 659. The clerk or deputy clerk receiving the names shall write the name of each person selected on a separate ticket, and place the whole number of tickets into a box or other suitable and safe receptacle, and shall preserve the list of names furnished by the commissioners in the files of his office.

Sec. 660. The clerk of the district court, or his deputy, and the sheriff, or if there is no sheriff, the deputy sheriff, or if there is no deputy sheriff, the coroner of the county, shall, at least ten days before the first day of the session of the district court, meet together and draw by ballot out of the box or receptacle, wherein shall be kept the tickets aforesaid, sixteen names, and the persons whose names are drawn shall be grand jurors; and the clerk and sheriff shall then draw twenty-five additional names, and the persons whose names are drawn shall be the petit jurors.

Sec. 664. Whenever the proper officers fail to summon a grand or petit jury, or when all the persons summoned as grand or petit jurors do not appear before the district courts, or whenever at any general or special term, or at any period of a term, for any cause, there is no panel of grand jurors or petit jurors, or the panel is not complete, said court may order the sheriff, deputy sheriff, or coroner, to summon, without delay, good and lawful men having the qualifications of jurors, and each person summoned shall forthwith appear before the court, and if competent, shall serve on the grand jury or petit jury, as

the case may be, unless such person may be excused from serving, or be lawfully challenged.

According to strict rules of pleading, a plea in abatement is required to be certain to every intent. But, it is the spirit of modern law to look to the substance rather than to the form of almost every other proceeding, and why not of a plea in abatement? It cannot be denied that the plaintiff in error to some extent embarrassed his case by the three first clauses of his plea, which consist almost exclusively of negative matter. But rejecting these three clauses of the plea entirely, and looking only to the fourth one, we have come to the conclusion, not only that it contains all of the necessary allegations of a good plea in abatement, under a reasonable liberal construction, but also that it sufficiently negatives the suggestion, that possibly the grand jury that found the indictment was procured under the provisions of sec. 664.

By this plea the court and the prosecuting officers were sufficiently notified that the plaintiff in error claimed that, in the selecting of the names of sixty persons from which the grand jurors were drawn, the county commissioners had disobeyed the provisions of section 658, and, if it were true that the grand jury in question was in fact summoned under the extraordinary provisions of section 664, then we think that it was the duty of the district attorney under the provisions of sec. 446, of chap. XLII., of the criminal code, to have replied to the said plea setting up such fact, rather than to have demurred generally, as he did, thereby admitting the facts of the plea if well pleaded.

It is not only a provision of positive law, that jurors should be selected by means calculated to give equality and impartiality to every portion of the county, but such a result is in itself so fair and equitable, whether we consider service on juries as a burden necessarily imposed upon the citizen, or as a privilege to be enjoyed by

him, that it is almost incredible that such requirement of the law should have been so generally disobeyed by county commissioners; yet it is a matter of notoriety that such has been the case, even in counties where from their central position and other advantages, better things might well be expected of them.

In the case of *Clark v. Saline County*, 9 Neb., 516, this court, by the chief justice, declared the provisions of the statute in question to be mandatory, and cited numerous cases in which it had been held, that the security of the citizen was only to be assured by a faithful and rigid adherence to its requirements.

In the case of *McQuillen v. The State of Mississippi*, 8 Smede & Marshall, 587, the supreme court of Mississippi, construing a statute quite like ours, by the mouth of chief justice Sharky, uses the following language: "A grand jury does not, by our law, consist of thirteen or more men, congregated by the mere order of the court, or by accident, in a jury box; but it consists of the requisite number of competent individuals, selected, summoned and sworn, according to the forms of law, and if the law be not followed, it is an incompetent grand jury."

It is a matter of far greater importance that the law regulating the manner of laying the foundations for the selection of grand and petit jurors should be observed, than that any one man, however guilty, should be punished more or less; and having reached the conclusion that the demurrer to the plea in abatement was wrongfully sustained, without examining the other errors assigned, the judgment of the district court is reversed, the demurrer overruled, and the cause remanded for further proceedings.

REVERSED AND REMANDED.