## JOSEPH H. EDMONDSON v. STATE OF NEBRASKA.

FILED SEPTEMBER 25, 1911.    No. 17,020.

1. **Embezzlement: DEFENSES: GUARDIAN AND WARD.** A guardian of the person and estate of a minor, who converts the money and estate of his ward to his own use, thereby violates the provision of section 121 of the criminal code; and the fact that he has failed to report to or make final settlement in the county court, after being served with a citation to make such settlement, is not a bar to a prosecution for the crime of embezzlement as defined in that section.

2. ———: **CONVICTION: SUFFICIENCY OF EVIDENCE.** The voluntary admissions of a guardian that he has used the money belonging to his ward as his own, has expended it for his own private purposes, and is unable to replace or repay it, are admissible in evidence against him, and if supported by other competent evidence are sufficient to sustain his conviction of the crime of embezzlement.

3. ———: **PLEADING AND PROOF: GUARDIAN AND WARD.** Under an information charging a guardian with having embezzled a certain amount of money belonging to his ward, without describing it as being a part of any particular or specific fund, proof that the defendant has converted any money to his own use belonging to the ward will sustain the charge as laid.

4. ———: **DEFENSES: GUARDIAN AND WARD.** When a guardian has converted his ward's money to his own use, the fact that he would be justly entitled to a small portion of the money so converted as compensation for his services is not a complete defense to a prosecution for embezzlement.

ERROR to the district court for Hamilton county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*John A. Whitmore* and *O. A. Abbott,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

BARNES, J.

The plaintiff in error, hereafter called the defendant, was charged with the crime of embezzlement of money belonging to his wards, under the provisions of section 121 of the criminal code. His trial in the district court for Hamilton county resulted in his conviction. By the judgment of the district court he was sentenced to be confined in the state penitentiary at Lincoln for a period of two years, and he has brought the case to this court by petition in error.

His principal contention is that the evidence is not sufficient to sustain the verdict. The record discloses that in 1895 the defendant was, by the order of the county court of Hamilton county, appointed guardian of the persons and estate of Fred Smith, Grace Smith and Goldie Smith, who were the minor heirs of one Fred Smith, deceased; that he duly qualified, gave proper bond, and took charge of the estate of his wards, which was of the value of about $8,000; that thereafter he performed his duties as such guardian, and furnished the money to pay for the education and maintenance of his wards out of the funds in his hands belonging to their estate until the youngest of them became of age, which event occurred in the year 1909; that thereafter they requested him to make settlement, and insisted that he should at once pay over to them the remainder of the funds in his hands belonging to their estate. The defendant failed to comply with this demand. A citation

was issued by the county court, and served upon him, requiring him to make his report to, and settlement with, that court, as provided by law, but defendant disregarded the citation, and therefore no settlement has ever been made, and the amount due from him to his wards has never been definitely fixed or determined by the order of the county court. Without further attempt to compel defendant to make such settlement, the county attorney of Hamilton county commenced this criminal prosecution and filed an information against him charging him with the crime of embezzlement.

The first count of the information charged plaintiff with having embezzled and converted to his own use $3,776.25, and by the second count he was charged with having embezzled and converted to his own use the sum of $2,200, the money and property of his wards. The jury found him not guilty on the first count and guilty as charged in the second count of the information. We find upon an examination of the bill of exceptions that it was clearly shown that the defendant had actually received and from time to time had taken into his possession the money and property of his wards amounting to at least $8,000; that according to his own testimony, given in his defense, he has used for his own purposes a part of that money amounting to much more than $2,200, which was the sum the jury found he had converted to his own use.

It was argued that until the county court had, by the settlement of defendant's accounts, found the amount due from him to his wards, a civil action on his bond would not lie, and, therefore, until after such settlement, no criminal prosecution could be maintained. We think that this argument is unsound. That part of section 121 of the criminal code upon which this prosecution was based reads as follows: "Or if any executor, administrator, guardian, or assignee for the benefit of creditors shall embezzle *or convert to his or her own use* any money, property, rights in action, or other valuable

security or effects whatever, belonging to any individual, or company, or association, that shall come into his or her possession by virtue or under color of his or her relation as officer, executor, administrator, guardian, or assignee, every such person so offending shall be punished in the manner provided by law for feloniously stealing property of the value of the article so embezzled, taken, or secreted, or of the value of any sum of money payable or due upon any right in action so embezzled." It thus appears that it is not the failure of the guardian to make settlement or pay over to his wards the amount of money found due them which constitutes the offense; it is the fact of his conversion of such money to his own use which renders him guilty of the crime defined by the statute upon which the information in this case was founded. It is the use by the guardian, as his own, of the trust fund committed to his care which renders him criminally liable and for which a criminal prosecution may be maintained. While it is quite probable that, if the defendant had been able to replace the amount so used by him, such fact might have been successfully urged as a defense to the criminal prosecution; still the use of the fund as his own would be sufficient to constitute the crime of embezzlement as defined by section 121 of the statute above quoted. That the defendant so used at least as much or more than $2,200 of the trust fund which had been committed to his care in this case seems to have been made clear by his own testimony and admissions, and we are therefore unable to say that the evidence does not sustain the verdict.

It is also contended that, the state having charged the embezzlement of a certain or specific fund in each count of the information, it was bound to prove the charge as laid beyond a reasonable doubt. In answer to this contention, it is sufficient to say that we do not so understand the information. It is true that the embezzlement of two certain sums of money was charged, but no specific money or fund was designated or described, and

proof that the defendant converted any of the money belonging to his wards to his own use and to the amount charged would be sufficient to sustain the verdict. We therefore hold that this contention is not well founded.

It is further contended that, so long as there was due the defendant any fees or compensation for his services as guardian, he had a lien upon the fund belonging to his wards, and therefore could not be convicted of embezzlement until such amount had been ascertained by the judgment of the county court. In support of this, counsel cite *Van Etten v. State,* 24 Neb. 734, and *McElroy v. People,* 202 Ill. 473. We think that those authorities have no relation to the facts of this case. In *Van Etten v. State* the defendant was the attorney of the complaining witness and had collected certain money for his client as such attorney. There was an unadjusted account between them for collection fees and for other services due from the complaining witness to defendant, and it was not contended that defendant had fraudulently converted the money in question to his own use, because he was claiming it as his own in payment for his services. The statute gave him a specific lien upon the particular fund in his possession, and it is clear that, while the amount of his compensation was being litigated, defendant could not be convicted of embezzling the money in question. In the Illinois case it appeared that the defendant was entitled to retain certain commissions out of the money there in question and was authorized to withhold the payment of it to her principal until such commissions were adjusted and paid, and it was held that, under that state of facts, she could not be convicted of the crime of embezzlement. In the case at bar the defendant was not entitled to a specific lien upon the fund of his wards, and he had no such interest in the trust fund as would give him the right to convert any portion of it to his own use. Again, it appears from his own testimony that after allowing him everything he claimed in the way of fees, disbursements, and compensation for services, he had con-

verted to his own use a much larger sum of money belonging to his wards than the amount of the verdict of which he now complains.

Finally, it is contended that the court erred in receiving in evidence the defendant's admissions made to the witnesses Henning and Sidner. No authorities are cited in support of this contention, and, in view of the well-established rule that the voluntary admissions of one charged with a criminal offense can be used in evidence against him, we are satisfied that this evidence was properly received. A careful examination of the entire record satisfies us that the defendant had a fair trial, and, no reversible error appearing therein, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.