GUSTAVE E. KRONBERG V. STATE OF NEBRASKA.

FILED MARCH 3, 1926. No. 24925.

1. Criminal Law: EMBEZZLEMENT BY EXECUTOR: JURISDICTION. Statutory power of a county court in a civil proceeding to punish an executor for contempt, if he disobeys orders relating to property belonging to decedent's estate, does not deprive criminal courts of jurisdiction under the criminal code to try and punish an executor for the embezzlement of money in his hands as such executor.

2. Embezzlement: EXECUTORS. An executor of the estate of a deceased person is amenable to the embezzlement statute applicable to "any individual or company or association," if money in his possession as such executor is embezzled by him.

3. Jury: CHALLENGE TO ARRAY. In a criminal prosecution, the failure of officers to comply with the law in drawing names for the petit jury may be assailed by a challenge to the array.

4. ———: UNIT FOR DRAWING. Under the statutes of Nebraska, the unit for drawing by lot names for a petit jury is the county, and not the precinct.

5. ———: CHALLENGE TO ARRAY: ERROR. In a criminal prosecution, the overruling of a challenge to the array of the 24 petit jurors is erroneous, where the undisputed evidence shows that their names were drawn by precinct, separately, in violation of the statute requiring the clerk and the sheriff to draw by lot 24 names from the box containing 60 names of qualified persons from the county at large, if that question is properly presented to the trial court.

ERROR to the district court for Washington county: CHARLES LESLIE, JUDGE. *Reversed.*

*M. O. Cunningham* and *Henry Mencke,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

In a prosecution by the state in the district court for

Washington county, Gustave E. Kronberg, defendant, was convicted of embezzling $1,210 in his hands as executor of the estate of Ole P. Larson, deceased. For that felony he was sentenced to serve a term of one year and six months in the penitentiary. As plaintiff in error defendant presents for review the record of his conviction.

The conviction is assailed on the ground that the district court was without jurisdiction because defendant was not amenable to the statute under which he was prosecuted. He was accused and tried under that part of the criminal code or general statute relating to embezzlement, legislation providing for the punishment of any executor who, while acting in that capacity, embezzles money in his possession "belonging to any individual or company or association." Laws 1923, ch. 95; Comp. St. 1922, sec. 9629. It is argued that this statute does not apply to defendant as executor, for the reason that he is answerable to, and punishable by, the county court, a tribunal having exclusive original jurisdiction in the administration and settlement of estates. In this connection reference is made to laws empowering the county court to punish for contempt an executor who fails to comply with judicial orders in regard to funds or property belonging to decedent's estate. Comp. St. 1922, secs. 1321, 1323, 1457. These latter statutes confer on the county court authority in civil proceedings to make its orders effective in the exercise of its original jurisdiction to administer and settle estates, but do not take from the criminal courts power to try and punish an executor for embezzling money in violation of the Criminal Code.

Defendant also complains of his conviction on the ground that the embezzlement of money belonging to the estate of Ole P. Larson, deceased, as charged in the information, is not money "belonging to any individual or company or association," within the meaning of the embezzlement statute. Laws 1923, ch. 95; Comp. St. 1922, sec. 9629. This position, according to previous decisions, is untenable. An executor of the estate of a deceased person is amenable to the embezzlement statute applicable to "any individual

Kronberg v. State.

or company or association," if money in his possession as such executor is embezzled by him.    *Hendee v. State,* 80 Neb. 80; *Edmondson v. State,* 89 Neb. 797.

In one of the assignments of error defendant complains further that he was unlawfully convicted because the names of the jurors who found him guilty were not drawn in the manner prescribed by a mandatory statute.    This question was properly raised by a challenge to the array.    *Clark v. Saline County,* 9 Neb. 516; 16 R. C. L. 240, sec. 57; 35 C. J. 374, sec. 418; *Clinton v. Englebrecht,* 13 Wall. (U. S.) 434. The trial court overruled the challenge.    Was defendant thus deprived of a substantial right granted by a mandatory act of the legislature?    It was the duty of the county board, at least 15 days before the first day of the session of the district court, to meet and select 60 persons having the qualifications of jurors, "as nearly as may be, a proportionate number from each precinct in the county," and within five days thereafter furnish the clerk of the district court a list of their names.    Comp. St. 1922, sec. 9073.    The clerk was required to write the name of each person selected on what the legislature called "a separate ticket" and to place "the whole number of tickets" in a box.    Comp. St. 1922, sec. 9074.    At least 10 days before the first day of the session of the district court it was the duty of the clerk and the sheriff to "meet together and draw by lot" from the box 24 names.    The persons whose names are drawn are declared by statute to be the petit jurors.    Comp. St. 1922, sec. 9075.

While the county board, in selecting 60 persons having the qualifications of jurors, were bound by the statutory clause, "as nearly as may be, a proportionate number from each precinct in the county," the clerk and the sheriff in drawing 24 names for the petit jury were required to draw them by lot promiscuously from the whole "number of tickets" in the box.    The statute makes it clear that the unit from which the 24 names are to be drawn is the county, and not the precinct.    In the present instance, when the 24 names were drawn, there was a rubber band around the

tickets for each precinct. With the entire 60 tickets face
down by separate precincts, one or more tickets were drawn
from each bunch, the whole number drawn being 24. Under
this method the officers made the precinct the unit for draw-
ing names instead of the county. Instead of drawing by
lot 24 names promiscuously from the box containing 60
names, they drew 24 names by precincts. The course pur-
sued was not the statutory method. The means for manip-
ulating names or for otherwise committing fraud were in-
creased by the failure to comply with the law. Compliance
with the statute might have resulted in a different jury.
Other jurors might have taken a different view of the evi-
dence. In any event defendant was deprived of a sub-
stantial right. Though there is nothing to indicate that
either the clerk or the sheriff was prompted by any un-
worthy motive, they were mistaken in their views of law.
It is not every irregularity in drawing names that will prej-
udice the rights of defendant in a criminal prosecution, but
in a material respect a radical departure from a mandatory
statute should not be sanctioned. Methods of procedure for
the selection of petit juries have not been left to the courts
and the courts are bound by valid regulations adopted by
the legislature. In early decisions the statutory provisions
under consideration were held to be mandatory. *Clark v.
Saline County,* 9 Neb. 516; *Barton v. State,* 12 Neb. 260.
Without disregarding the law in a respect material to the
rights of defendant, the conviction cannot be upheld. The
challenge to the array, therefore, should have been sus-
tained. It follows that the judgment of the district court
is reversed and the cause remanded for further proceed-
ings.

REVERSED.

Note—See Embezzlement, 20 C. J. p. 448 n. 65—Juries,
35 C. J. pp. 147 n. 85, 238 n. 17, 374 n. 41, 375 n. 57.